

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:06-CR-74 |
| | § | |
| LEON DEMOND DAVIS | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Leon Demond Davis, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release

The Court conducted a hearing on December 9, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On January 23, 2007, The Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, sentenced Mr. Davis after he pled guilty to the offense of possession of a firearm by a felon, a Class C felony. Judge Crone sentenced Mr. Davis to 46 months imprisonment to be followed by three years of supervised subject to the standard conditions of release, plus special conditions to include the defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment; the defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests after, as directed by the probation officer; drug and anger

management treatment; and a $100 special assessment. On November 13, 2009, Mr. Davis completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States alleges that Defendant violated the following standard condition of supervised release:

*The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.*

Specifically, on May 21 and May 24, 2010, and June 19, 2010, Mr. Davis submitted urine specimens to Simon Counseling which tested positive for marijuana. Lab results verified his marijuana use.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present documentation and testimony from United States Probation Officer Beverly Matt establishing that on May 21, May 24, and June 19, 2010, Leon Demond Davis submitted urine specimens to Simon Counseling for testing. The Government would also present documentation showing that the urine specimens collected from Mr. Davis on the dates stated above were submitted to Alere laboratories for testing. The lab results from Alere would be presented showing that all three specimens yielded a positive result for marijuana.

Defendant, Leon Demond Davis, offered a plea of true to the allegations. Specifically, Mr. Davis agreed with the evidence presented and pled true to the allegations that he used a controlled

substance as alleged above, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by using the controlled substance of marijuana.

If the Court finds that Mr. Davis violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Davis' criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from five (5) to eleven (11) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class felony, the statutory maximum imprisonment term upon revocation is two years, less any time the Defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by using a controlled substance. Mr. Davis knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Leon Demond Davis, to serve a term of **ten (10) months imprisonment**. The Court finally recommends that the defendant receive no further supervision term upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415,

1417 (5th Cir. 1996) (en banc).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of December, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE